# J. T. CLAYTON v. RANDALL ET AL.

### SUPREME COURT, AUSTIN TERM, 1883.

*County Judge—Power to Approve Bond.*—The judge of a county court has power to approve the bond of an assignee after civil jurisdiction was taken from the county coart by act of the legislature.

Appeal from Parker county.    Opinion by Stayton, J.

The only ground upon which the court below held that the appellant was subject to garnishment on account of the property in his hands under the assignment made by Usury to him, for the benefit of creditors, was that as the bond was approved by the county judge of Parker county, after the civil jurisdiction was by act of the legislature taken from that court, the approval was void and hence the assignment was void.

The statute provides that the bond of an assignee shall be approved by "the judge of the district or county court."

The fact that jurisdiction to try civil causes was withdrawn from the county court for Parker county, did not render the person who held the office of county judge an office other or less than a county judge; nor was the power of that officer to approve the bond of the assignee in any manner affected by the fact that some other power, which other county judges might exercise, had been withdrawn from him.

The statute does not make the power of a county judge to approve such a bond dependent upon the continuance of power in him as a county judge to try civil causes in the county court.    The power to approve such bonds might have been conferred upon any other named officer, without reference to what other power such officer possessed.

For the error of the court below in the matter referred to, the judgment must be reversed, and judgment will here be entered, that the appellees take nothing by their writ of garnishment, and that the appellant recover of them the costs of this court, and of the court below; the judgment here rendered not to prejudice the right of appellees to claim as other creditors in the distribution of the trust estate, and it is so ordered.